of Maine, et al. Good morning. I'm Andrew Grossman for the Appellant, Professor Jonathan Reisman. I'd like to reserve three minutes to rebuttal, if I may. You may. May it please the Court. No one seriously disputes that the State of Maine cannot appoint a political party or a trade association to lobby the State on behalf of citizens who disagree with it. The question presented by this appeal is why the result would be any different when Maine law specifically recognizes a labor union as the agent and representative of a State University professor. There is no difference. Being compelled to accept an unwanted representative to lobby the State is a plain-as-day violation of Professor Reisman's First Amendment rights to be freed from compelled speech and compelled association. What exactly are you looking for? We are asking the Court to declare unconstitutional the provisions of Maine law that recognize the labor union in this case as Professor Reisman's representative and agent. We are not challenging the union's position as the exclusive bargaining agent vis-à-vis the university. What does that mean? I just don't understand the difference between those two sentences. I don't either. What it means, so Maine law specifically recognizes, it says in a number of cases, that the union in participating in collective bargaining with the university serves as the representative or agent, uses the two terms interchangeably, of the employees within a given bargaining union. So if those provisions said exclusive bargaining agent rather than representative or agent, you have no problem? That would be correct, Your Honor. We are not challenging the State's ability to choose with whom it speaks. We think the State, under the First Amendment at least, has the ability to do that. So we just go through and read every provision of Maine law where it says representative or agent. We say exclusive bargaining agent. The First Amendment problem goes away? Exclusive bargaining partner. But I think that would be, I think the problem of course is that Maine law simply doesn't say that. No, I get that. So I'm just trying to figure out what the practical injury to your client is. Two things, Your Honor. So on the one hand, with respect to our client, because the union speaks on his behalf as his representative, he suffers an enormous dignitary injury. Well, the union says it doesn't. The union says it represents the bargaining unit. Well, the statute, unfortunately, states that the union represents all of the employees within the bargaining unit, and that undisputably includes Wouldn't it have to do that if it's exclusive? No, Your Honor. It would not necessarily have to represent them. We think that Maine can constitutionally require it not to discriminate among them when it participates in collective bargaining activities. But I think representation is a distinctive concept. Well, what is the concept then? What is it? If you win, what could Maine do if it wants to be bargaining with one unit rather than every single separate professor individually? We're not asking for the state to bargain with any given, every single professor separately. We think that the state could continue to bargain with the union in the same way that it's been bargaining. It would simply have to recognize that contrary to what its statute currently says, that the union does not recognize Professor Reisman. That's it. And the union recognized that this would be a But can that preclude him from getting any separate deal compared to what the union bargains for? Your Honor, the way we see it, the state provides terms and conditions of employment for its employees that they can choose to take or leave. The state can set those terms and conditions however it would see fit to do it. If the state wants to bargain with an exclusive bargaining partner, sure. If the state wants to What does that mean? If it bargains with the exclusive bargaining partner, with that partner, it comes up with some terms. Those terms then, it says whatever the outcome of that bargain will be, will apply to everyone. You have no problem with that? We have no problem with that. So the problem is that they use the word representative in doing exactly that? Your Honor, the words in the statute mean something. There are other states, for example Tennessee, that recognize that a union does not necessarily represent particular employees within the bargaining unit. They actually give employees the right to disassociate themselves from the union's speech. In other words, the unit is not their representative. Maine takes the opposite approach. Because the terms will apply, whatever is the result of that bargain with the exclusive bargaining party will govern all other people in the bargaining unit. Does Tennessee do that? Tennessee generally has exclusive bargaining partners. That sounds like no. When you say generally. Well, what I'm saying, Your Honor, is that the state can set terms and conditions of employment however it seems. It could do it via a statute. And if the union representatives wanted to testify before the state legislature, here's what we think the terms and conditions of employment should be, it should not have the ability to do that as the representative of somebody who doesn't want to be represented by that. Has Maine ever done anything under this statute that plays into your interpretation of it? I understand that you can interpret the word representative of all employees within the bargaining unit. It seems to me Maine is acting as though that means represent all the employees within the bargaining unit in their capacity as members of the bargaining unit because they're the exclusive bargaining representative. But has Maine ever done anything that particularly intrudes upon your client's speech rights? Not that we've pleaded in this case, Your Honor, and I don't think that we have to plead that. I think our authority to do that. But it seems to me we've got words in a statute which may be unfortunate, but the way, as I understand what's happening on the ground, the way Maine is acting is perfectly consistent with the way that it is authorized to act under interpretations of the Supreme Court in Knight and under our decision in Baker and D'Agostino. So if all we've got is an unfortunate reference in the statute that's never been translated into any action, I'm wondering what we're doing here. Well, Your Honor, there is action. I mean, when the State recognizes the labor union as the representative for all employees within the bargaining unit, that, in fact, is what it is doing. It is certifying them as representing those particular employees. I mean, it's certifying them as representing the bargaining unit. That's the practical effect of it. Your Honor, if we had the State recognizing... You see, you're taking the phrase all employees within the bargaining unit, and you're focusing on the individual employees. It seems to me Maine is taking the phrase all employees within the bargaining unit and is focusing on the phrase bargaining unit, and they have a right to designate an exclusive representative for the bargaining unit. I'm not... Your Honor, I disagree with that a little bit, and let me say why. Yeah? I think that Maine, under existing law, probably does have the right to designate an exclusive bargaining partner with respect to the bargaining unit. I don't think that the case law truly addresses whether Maine has the right to appoint a representative for employees of the unit. It is a different concept, and it's not something that is the issue. What is the difference? I'm not grasping the difference. The exclusive... If they can define a bargaining unit, the bargaining unit is comprised of the people in the bargaining unit. The exclusive entity they're bargaining with, on behalf of that bargaining unit, will be the union. Right? Yes, Your Honor. So what is the difference between what I just described, which you don't seem to have a representative of the bargaining unit? Your Honor, it's the on behalf of that does all the work here, and that's really what the problem is. The union is speaking on behalf of my client. The unit? The unit. It's speaking on behalf of the employees within the unit. Yeah. It's the on behalf of that is the problem. Well, how could you have an exclusive entity to deal with that wouldn't be on behalf of somebody? Your Honor, if the AARP goes out and testifies before the Maine legislature about that senior citizen benefits, it is not speaking on behalf of senior citizens who don't belong to the AARP. This statute is different. It says that the union is speaking on behalf of members of the unit who are not... The legal consequence of binding all the people in the unit to the result of the deal. That's what on behalf of is doing. I don't think that's actually what on behalf is doing because... Well, why not? When it's engaged in collective bargaining, and that's how Maine is determined, it's going to set the terms and conditions of employment, again, by talking with the labor union. If the state of Maine would care to do that in any other way, it can do that. If it wants to only speak with the union, it can do that. But it is taking an additional step and saying not only are we only going to speak with the labor union in this case, we are going to regard the labor union as representing, as being the agent of the employees in the bargaining unit. That is different. That is a step too far. How is that different from saying that we're going to regard the union as being the agent of or representing the bargaining unit? Doesn't that necessarily mean all the employees within the bargaining unit? Your Honor, again, I'm not sure I would disagree with the premise of your question. I think that would be equally problematic. But it's this representational role that is the problem. So you think that even if the statute said represent the bargaining unit, that would be problematic? See, I don't think that's problematic at all. I think that's precisely what Knight permits. That's precisely what the Janus Court carved out as being something that was permissible. Your Honor, with respect to Knight, if you look at the issue the Court was actually talking about, it had to do with the exclusion of employees from particular bargaining sessions that were otherwise limited to the union and the university at issue there. There was no challenge to the representational status of the union. That simply wasn't part of the case. The Court held that no individual has a first amendment right to compel the government to listen to its particular point of view, and therefore the employees in that case did not have the right to participate in those bargaining sessions. If you look at the district court decision in Knight, if you look at the Supreme Court decision in Knight, there were three claims in that case. None of them turned on the union's representational status in that way. Practically speaking, if we can get past this word representative, okay, so we have that word. One possible concern about the word is it implies that the speech that's being made by the representative is the speech of the person who is represented. Is that the idea? Yes, Your Honor. I think it goes down in time. Suppose we were to conclude that there is zero risk of anybody thinking that's what's going on here. Well, Your Honor, I think that's the wrong way to look at it, and let me say why. If you look at the Supreme Court's decision in California Democratic Party v. Jones, the Court there held that where you have a statute that by operation of law appoints a representative, that's it. That is a facial case where you don't need to look at the issue of factual attribution, in other words, whether there is a risk of that type of attribution. I would counterpose that with the Washington State Grange case where the Court said, well, in that case, the operation of the statute did not appoint a representative in that instance. It was a factual question as to whether it would be perceived that way. Here, we're right in the territory of the California Democratic Party, and we're outside the territory of Washington State Grange. So I think the attribution point is a little bit of a red herring in the circumstances of the main statute. And the idea is, just so I understand what that means, that's because you think it matters whether there would be an attribution or it doesn't matter. I think given the main statute, it does not matter. And if you had to write a judgment, what would it say? I think as we requested in our complaint, that the provisions of main law which identify the union as Professor Reisman's representative and agent cannot be constitutionally applied. Thank you. May it please the Court. Jacob Carabell for the Associated Faculties of the Universities of Maine, or AFM. In Giacostino v. Baker, this Court, relying on the First Amendment challenge to the fundamental principle of American labor law of exclusive representation, that is, when a majority of employees in a... We understand what our prior precedent was. The difficulty here is with the wording of the main statute. I don't think we'd find disagreement on this panel that with the exclusive representational right with respect to the bargaining unit. But the wording of this particular statute seems unfortunate. Is there any constitutional principle which allows compelled representation of someone like this plaintiff outside of his role in the bargaining unit? So, Judge Stellian, the term exclusive bargaining agent, which the main statute uses, has a long history in labor law. It's a term that the National Labor Relations Board used going back in its very early decisions after the National Labor Relations Act was passed in 1935. It's also a term that Justice Alito used in the Janus decision when talking about the Illinois statutory scheme of exclusive representation that was implicated in Janus. And it's a term that Justice Souter, writing on behalf of this Court in Giacostino, used. And it simply means that when a union is certified as the exclusive representative, it serves as the agent for employees as a whole. It does not mean, contrary to what Mr. Reisman seems to suggest, that the union somehow could represent and serve as the agent of every single individual employee in the bargaining unit. And in the Knight case, the Supreme Court made that very clear. And you would not object on behalf of your clients to a limiting interpretation of this statute consistent with those principles, if we could think of one? We certainly don't object to this Court stating in its opinion that under the Maine statute, when a union is certified as an exclusive bargaining agent or an exclusive representative, that it is not individually speaking on behalf of every single employee of the bargaining unit. Our understanding is that that's consistent with how the Maine statute has always been interpreted, as well as other states that have a very similar scheme of exclusive representation and the federal system through the National Labor Relations Act, which in 29 U.S.C. 159 appoints, when a majority of employees want it, a union to serve as an exclusive representative. So we would have no objection to the Court making that clear. I do think the Court essentially made that clear already in the Giacostino case, where the Court said that it's understood that when a union is certified as an exclusive representative, that there are employees in the minority, whether union members or not, who disagree with positions taken by the majority. That's helpful. Thank you. Sure. So, obviously, Mr. Risen puts a lot of weight on the Supreme Court's recent decision in the Janus case. Indeed, as I read Mr. Risen's brief, he concedes that before Janus, this Court's decision in the Giacostino just three years ago would foreclose his claim. But the issue in Janus was a different issue of whether it was constitutional to require for a state to require a union serving as the exclusive bargaining representative to require employees to pay what's called a fair share fee, or sometimes called an agency fee, in essence, a compelled subsidy to the union for the costs of administering the collective bargaining agreement. Now, the Court, of course, held in Janus that fair share fees are unconstitutional overruling its Abood precedent. But it's important to understand one of the key reasons why the Janus Court overruled Abood, which is that the Janus Court held that the Abood Court had erred in believing that exclusive representation, on the one hand, and fair share fees, on the other hand, were inextricably linked. The Janus Court held that that's simply not the case, and, indeed, it pointed to the fact that the federal government, as well as 28 different states, had exclusive representation for at least some of their employees, but did not require non-members to pay a fair share fee or an agency fee. And then the Court circled back to that, to the end of its opinion, in footnote 27, stating in no uncertain terms that states can keep their labor relations systems exactly as they are, but for the requirement of agency fees. Then the Court stated that in this way, states like Illinois that had a fair share fee requirement can follow the model of the federal government and the 28 states discussed earlier in the opinion that, again, had exclusive representation, but did not have fair share fees. So to read Janus as my opponent does, as unsettling the issue of exclusive representation, simply is not a correct reading of the Court's opinion in that case. Can you just address the California case? Sure, Your Honor. That's a case where California enacted a primary system that essentially required all voters to participate in a single primary and then essentially choose the standard bearers of each party. So the Democratic Party could not choose its own standard bearer and had to choose whatever standard bearer the broader electorate had for the Democratic Party. Here, that's simply not what's going on here when the union speaks in collective bargaining negotiations. It's speaking on behalf of the employees as the whole. It's not, and again, this is what the Court said in DeAgostino, speaking on behalf of each individual employee. The statute would be different and it may well be problematic if it's somehow provided that the union shall speak on behalf of Mr. Reisman individually without his consent. That would be more akin to the situation in Jones where there was a First Amendment issue with that statute. So if there are no further questions, we would ask that the panel affirm the judgment below and I can yield the remainder of my time to the other appellees. Thank you. Thank you. May it please the Court. My name is Susan Komen and I'm here today on behalf of the State of Maine which intervened in this case to defend the constitutionality of Maine law. I'm going to jump right in because of my limited time. I just wanted to highlight for the Court that since Janus, which is the case primarily relied on by Mr. Reisman, two other circuits have considered the impact of Janus on this exclusive representation decision. The Eighth Circuit, there actually were two cases, Bierman and Uradnik. Uradnik wasn't an Eighth Circuit case, that was a district court case. And the other case you cited was an unpublished opinion which under the Eighth Circuit rules has no precedential effect. Well, I believe, Your Honor, Uradnik did go up to the Supreme Court. I don't think it resulted in a published opinion if it did go up. It did go up and it also actually, there was a petition for cert to the Supreme Court which we did reference in the brief. There's also a Ninth Circuit case that is pending with a petition for cert at the Supreme Court. And the point being that all of those decisions held that Janus did not impact the decision as far as exclusive representation. None of those cases involved a statute identical to Maine's statute, which I think you may admit in retrospect is unfortunately worded to the extent that it contains language about exclusive representative of all employees. I would like to point out to the Court, Your Honor, in Section 1025 of Title 26, which is the specific labor relations statute related to the University of Maine, there is reference to the certified bargaining agent as representative of the unit. Yeah, that's much better language. And that is in Section 1025-2A and also 2E. So I think that there is language that clarifies that when a bargaining agent is certified, it is on behalf of the unit and not the individual employees. And in the first reference when it talks about the representative, it's representative for the purpose of collective bargaining. Correct. It's also a limited purpose for collective bargaining, but it also indicates that it is for the unit as opposed to the individual employees, which is consistent with the position of counties and the state in this case. Thank you. Good morning. My name is Linda McGill. I'm here with Carol Walker on behalf of the employees of the university system. Time is short, so I'll plunge right in. First of all, in response to a question that was asked, the university has found no instance of an actual intrusion into the rights free speech or associational rights of Professor Reisman. Indeed, the law and the collective bargaining agreement between AFLM and the university provides, assures that even non-members and members alike of the union have the right to meet with the university to discuss anything related to their professions or their jobs independent of the union. The law also provides that individuals may join or not join, may participate or not participate, and are free to express their views in opposition to the union, to criticize the union, to have a public forum, et cetera. So not only is there no intrusion, it would not be reasonable to believe or to assert, as Professor Reisman does in his case, that the union's activities are attributable to him in the sense that other cases have dealt with in attributing speech of a third party. Secondly, although I'm a management attorney and represent employers, the issue of the bargaining agent representing the unit, representing the collective, is fundamental to labor law schemes. It is a recognition that economic power is more forcefully used on behalf of the collective. I don't think anyone disputes that. I think what's causing what problem there is here is this unfortunate wording of the main statute. If this simply said that you can have an agent, a representative for the bargaining unit, we wouldn't, I don't think we'd be here, at least we've got a much easier case. It's this reference to all members, all employees within the bargaining unit. May I just respond in a sentence? Of course. I think as the Attorney General has pointed out, there are other places in the statute that make it clear that that agency is on behalf of the bargaining unit. And am I right that the only place where the unfortunate wording appears is in a sentence that talks about for the purpose of collective bargaining? The scope is limited by law and in practice. Okay. Thank you. Thank you. That's all. If I may, I have several points. My friends argue that the union here represents the bargaining unit as a whole and that that somehow mitigates whatever injury Professor Eisen may suffer. I direct the Supreme Court's decision in Hurley, that's the parade case. The dissident paraders who wanted to participate in the parade in that case, nobody would have ever attributed their speech to the majority of paraders who didn't want them participating in the parade. That wasn't an issue there. It was merely the fact that it affected the message that the paraders wished to convey was sufficient for there to be an associational rights injury. The same is true here. I would also just note just a point. I'm just not understanding. If it's representing the unit, what's the problem? Well, I think what I'm saying is. Just to answer this, does your case turn on it not representing the unit? No, Your Honor. So even if it represents the unit, the unit has a First Amendment interest that somehow your client is. Your Honor, the unit is comprised of the employees. I think it's a complete fiction just to say that the unit and the employees are somehow different. Why? Because the unit is. There's no representation that anything is being represented other than this fictitious thing, which is exactly why there's no First Amendment problem, because the fictitious thing has no First Amendment interest. Your Honor, under that logic, the State could say that we appoint the Republican Party to represent a given neighborhood, and people know that not everybody in that neighborhood will agree with all the views of the Republican Party, and therefore, you know, who cares? No First Amendment problem. But here the root purpose of appointing the bargaining unit, unlike in your hypothetical, is one that the Supreme Court has specifically sanctioned as lawful, the concept of collective bargaining in the labor context. Your Honor, what we're attacking here is not collective bargaining. What we're attacking here is. Well, if you're saying that there can't be one person to speak for the bargaining unit, you are attacking the concept of collective bargaining. That would completely undermine the concept. Your Honor, what we're saying, what we're challenging here is the representational role of the union. If the State wants to talk with just the union, if they want to have an exclusive bargaining partner, they can do that. What they want to do is have rules that emerge out of the bargaining govern a defined group of people that is larger than the entity that they bargained with. They have to define who those people are. That's true, Your Honor. Now they've defined who those people are. They call those people the unit. What's the problem? The problem, Your Honor, is that treating their employees that way creates. They're not treating their employees any way. Creating a unit in the way that you've described creates an expressive association, and that's an expressive association under all the case law. When you bring people together for the purpose of speech. They didn't bring them together for the purpose of speech. They brought them together for purposes of binding them to the rules that will be developed in conversation with the entity that is going to define what the rules are for the unit out of the collective discussion. May I respond? Yes. Thank you. What the statute here does is bring them together into a bargaining unit so that the union can represent that bargaining unit in negotiations with the state for the purpose of setting terms and conditions of employment. Those negotiations, as Janice recognizes, are core First Amendment protected speech. When a statute, when a government brings people together for the purpose of engaging in speech activities, that is a class of expressive association, and it is one that Professor Reisman would like out of. So if the Court has no further questions, we would ask that you reverse. Thank you.